**GREENBERG TRAURIG, LLP**
Ian Marx, Esq. (059221994)
Christa P. McLeod, Esq. (277042018)
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
Tel: (973) 360-7900
marxi@gtlaw.com
christa.mcleod@gtlaw.com
*Attorneys for Defendant*
*Silgan Containers Manufacturing Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL PICHIRILO,<br><br>    Plaintiff,<br><br>vs.<br><br>SILGAN CONTAINERS, SILGAN CONTAINERS, LLC, SILGAN CONTAINERS CORPORATION, SILGAN CONTAINERS MANUFACTURING CORPORATION, XYZ CORPORATION 1-10, ABC PARTNERSHIP 1-10, JOHN DOES 1-10, and JANE DOE 1-10,<br><br>    Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

Silgan Containers Manufacturing Corporation ("SCMC") hereby removes the above-captioned

action, *Michael Pichrilo v. Silgan Containers, et al.*, Case No. MID-L-7962-25 (the "State Court

Action") from the Superior Court of New Jersey, Law Division, Middlesex County (the "State

Court") to the United States District Court for the District of New Jersey.  SCMC denies any

liability to plaintiff Miguel Pichirilo ("Plaintiff"), including in connection with the contemplated

claims, and files this Notice of Removal to federal court without waiving and specifically reserving any and all defenses, exceptions, rights, motions, and arguments for motion practice and/or dismissal (whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in its favor.[1]

## Background

1. On November 7, 2025, Plaintiff filed a Complaint against SCMC and Silgan Containers, Silgan Containers, LLC, Silgan Containers Corporation, and fictitious entities and individuals (the "Complaint" or "Compl.") in the State Court Action.

2. SCMC was served with a copy of the Summons and Complaint on November 10, 2025. A true and correct copy of the Summons and Complaint is annexed hereto as **Exhibit A**.

3. In addition to the Complaint, a Track Assignment Notice submitted by Case Management and the Affidavit of Services submitted by Plaintiff have been filed in the State Court Action. These documents constitute the entirety of the process, pleadings, and orders that have been served on SCMC in the State Court Action.

4. True and correct copies of the Track Assignment Notice and Affidavit of Services are annexed hereto as **Exhibit B.**

## The Complaint

5. The Complaint alleges that Plaintiff was lawfully on the premises located at 135 National Road in Edison New Jersey 08817 when he "tripped and was injured as a result of a defective condition." Compl. ¶¶ 13-14. Plaintiff alleges that SCMC, along with all other defendants, were "responsible for repairs, management, maintenance, cleaning and/or housekeeping of the premises." *Id*. ¶ 12. Plaintiff claims to have suffered injuries "to his lower extremities, right knee,

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

upper extremities, left arm, left elbow, right arm, right wrist, right hand requiring surgical intervention with scarring and disfigurement." *Id.* ¶¶ 15, 20. He further alleges that he suffered "severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future." *Id.* ¶ 21. Plaintiff alleges that he has been "compelled to expend and will be required to expend various sums of money for medication and medical attention" and "has and may in the future continue to incur unreimbursed wage loss and medical expenses." *Id.* ¶¶ 22-23. He claims to have "suffered a permanent disability and a permanent impairment of his earning power and capacity," and alleges that he has been "prevented from attending to his usual duties and obligations." *Id.* ¶¶ 24-25. Plaintiff alleges that he has "in the past suffered and may in the future suffer permanent diminution in his ability to enjoy life and life's pleasures." *Id.* ¶ 26.

6.      Based on these allegations, the Complaint purports to state a claim against all defendants, for negligence (Count I).  In connection with this claim, Plaintiff seeks, *inter alia*, an award of damages, interest, costs and all other awards permitted under law.

**<u>Service on the State Court</u>**

7.      As required by 28 U.S.C. § 1446(d), SCMC will promptly notify the Clerk of the State Court of this Notice of Removal and serve a copy on all parties.  A true and correct copy of the Notice of Filing of Notice of Removal that will be filed with the State Court is annexed hereto as **Exhibit C.**

**<u>Venue</u>**

8.      The State Court Action was filed in the Superior Court of New Jersey, Law Division, Middlesex County.  Venue properly lies at this time in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441(a).

**Timeliness**

9.     SCMC was served with the Summons and Complaint in the State Court Action on November 10, 2025. *See* **Exhibit B**.

10.     28 U.S.C. § 1446(b)(1) requires removal of an action to federal court within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which [the] action or proceeding is based . . ." This Notice of Removal is timely filed because thirty days have not lapsed since SCMC received the Summons and Complaint.  *See* 28 U.S.C. § 1446(b)(1).

**The Court Has Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

11.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . ." 28 U.S.C. § 1332(a)(2).  Both requirements are satisfied here because the matter in controversy likely exceeds the sum of $75,000 and complete diversity of citizenship exists between Plaintiff and SCMC.

12.     According to the Complaint, Plaintiff is an "adult individual residing at 1234 W. Jubilee Stre[e]t, Emmaus, PA 18049." Compl. ¶ 1.  Plaintiff is therefore a citizen of the State of Pennsylvania for diversity jurisdiction.  *See, e.g.*, *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) ("A natural person is deemed to be a citizen of the state where she is domiciled.") (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)).

13.     SCMC is, and was at the time the action was filed, a business corporation organized under the laws of Delaware with its principal place of business in Woodland Hills, California. Accordingly, SCMC is a citizen of Delaware and California for the purpose of diversity jurisdiction.

4

*See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

14. As set forth in the attached Affidavit of Steven Huang there is currently no legal entity called "Silgan Containers" or "Silgan Containers Corporation." *See* Affidavit, attached as **Exhibit D**.

15. "[A] defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship." *Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329, 337 (D.N.J. 2010) (placing reliance on the representations made in affidavit in holding named entity was non-existent)*; see also* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been *properly joined and served* must join in or consent to the removal of the action.")

16. For these reasons, neither Silgan Containers nor Silgan Containers Corporation should be considered for purposes of complete diversity.

17. Furthermore, the defendant identified as "Silgan Containers, LLC" should not be considered for diversity purposes for multiple reasons.

18. First, as identified in the Affidavit of Steven Huang, "Silgan Containers LLC" exists as a legal business entity, not "Silgan Containers, LLC." *See* **Exhibit** D ¶ 1.

19. Moreover, even if Plaintiff had properly named "Silgan Containers LLC," which it has not, it is a "well-established rule that a parent corporation maintains separate citizenship from a subsidiary *unless it has exerted such an overwhelming level of control over the subsidiary that the two companies do not retain separate corporate identities*." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 351 (3d Cir. 2013) (emphasis added).

20.    Here, Silgan Containers LLC is "the sole owner of Silgan Containers Manufacturing Corporation." **Exhibit D** ¶ 1. Thus, SCMC maintains the same corporate identity as Silgan Containers LLC and Plaintiff has failed to allege otherwise. To the contrary, Plaintiff asserts a generic, conclusory, and identical state law claim against all defendants. The Complaint states that its only Count is brought against "All Defendants." *See* Compl. ¶¶ 16-26. Accordingly, Silgan Containers LLC does not maintain its own place of citizenship separate from that of SCMC and should therefore not be considered for purposes of removal.[2]

21.    Moreover, the citizenship of defendants sued under fictitious names is disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(b)(1); *Scott v. Dollar Tree Stores, Inc.*, No. CV-17-9168, 2017 WL 6447872, at *3 (D.N.J. Dec. 18, 2017) (Thus, "the citizenship of fictitious parties such as John Doe or ABC Corporation is disregarded for purposes of determining diversity.").

22.    Accordingly, defendants XYZ CORPORATION 1-10, ABC PARTNERSHIP 1-10, JOHN DOES 1-10, and JANE DOE 1-10 are not considered for the purposes of complete diversity of citizenship.

23.    Because Plaintiff is a citizen of Pennsylvania and SCMC is a citizen of Delaware and California, complete diversity exists among the parties to this action.

24.    Pursuant to 28 U.S.C. § 1332(a), district courts have original jurisdiction of civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

---

[2] "Out of an abundance of caution," Steven Huang, Vice President, General Counsel and Assistant Secretary of Silgan Containers LLC, also consented to removal on behalf of Silgan Containers LLC. **Exhibit D** ¶ 7.

6

25.     As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88–89.

26.     "[W]hen a Complaint does not specify the amount of damages a plaintiff is seeking, district courts in New Jersey have applied two approaches to determining whether the jurisdictional limit is satisfied for purposes of diversity jurisdiction." *Jackson v. Stop & Shop Supermarket Co., LLC*, No. CV 24-5431 (ZNQ) (JBD), 2024 WL 4930322, at *2 (D.N.J. Dec. 2, 2024) (citing *Buchanan v. Lott*, 255 F. Supp. 2d 326, 329-30 (D.N.J. 2003)); *Worldwide Exec. Job Search Sols., LLC v. N. Bridge Grp.*, Civ. No. 17-CV-1907-PGS-LHG, 2017 WL 5762392, at *2 (D.N.J. Nov. 27, 2017). "Under the first 'bright-line' approach, "if a Complaint does not plead specific damages, and does not otherwise make clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000.'" *Jackson*, 2024 WL 4930322 at *2 (citations omitted). "Under the second 'subjective-inquiry' approach, the court will consider whether, although the complaint does not quantify damages, the defendant 'can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum.'" *Id.* (quoting *Carroll v. United Airlines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998)).

27.     Here, the Complaint alleges that Plaintiff has suffered injuries to his upper and lower extremities, nervous system, and mental wellbeing that "requir[ed] surgical intervention with scarring and disfigurement" and "may continue for an indefinite period of time," causing "permanent disability," "wage loss," and "medical expenses." *See* Compl. ¶¶ 20-25.

28.     Thus, and without conceding any merit to the Complaint's allegations or claims (all of which SCMC denies), SCMC "can reasonably and intelligently conclude" that the amount in

controversy satisfies this jurisdictional threshold of $75,000. *See Jackson*, 2024 WL 4930322 at *2.

29.     In sum, there is complete diversity of citizenship between all parties that have been "properly joined and served" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(b)(2)(A); 28 U.S.C. § 1332(a).

## No Admission of Liability

30.     By this filing, SCMC does not admit any liability, does not concede the accuracy of Plaintiff's allegations or purported facts set forth in the Complaint, does not contend that the Complaint adequately pleads any cause of action, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint or any relief of any kind.  SCMC reserves all rights in responding to the Complaint.

## Conclusion

31.     For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Wherefore, the State Court Action is hereby removed to this Court from the Superior Court of New Jersey, Law Division, Middlesex County.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

Pursuant to Local Civil Rule 11.2, the undersigned certifies that, to the best of his knowledge, the within matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding, except the state court action previously pending in the New Jersey Superior Court which is the subject of this Notice of Removal, nor is any action or arbitration proceeding contemplated nor are there parties required to be joined in this action.

Dated: December 9, 2025

Respectfully submitted,

By: */s/ Ian Marx*
**GREENBERG TRAURIG, LLP**

Ian Marx, Esq. (059221994)
Christa P. McLeod, Esq. (277042018)
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
Tel: (973) 360-7900
marxi@gtlaw.com
christa.mcleod@gtlaw.com
*Attorneys for Defendant*
*Silgan Containers Manufacturing*
*Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on December 9, 2025, a true and correct copy of the Notice of Removal and all enclosed exhibits, including the Notice to the Clerk of the Superior Court of New Jersey, Middlesex County, was served on counsel of record via ECF.

By: */s/ Ian Marx*_____
**GREENBERG TRAURIG, LLP**

Ian Marx, Esq. (059221994)
Christa P. McLeod, Esq. (277042018)
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
Tel: (973) 360-7900
marxi@gtlaw.com
christa.mcleod@gtlaw.com
*Attorneys for Defendant*
*Silgan Containers Manufacturing*
*Corporation*

10