# EXHIBIT A

## SUMMONS

Attorney(s) Thomas F. Sacchetta, Esquire

Office Address  24 South Broad Street

Town, State, Zip Code  Woodbury, NJ 08096

Telephone Number  (856) 845-4400

Attorney(s) for Plaintiff

Miguel Pichirilo

_____

Plaintiff(s)

vs.

Silgan Containers, et al.

_____

Defendant(s)

### Superior Court of New Jersey

Middlesex _____ County

Law _____ Division

Docket No: L-007962

### CIVIL ACTION
### SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

/s/ Michelle M. Smith
_____
Clerk of the Superior Court

DATED:  11/07/2025

Name of Defendant to Be Served:  Silgan Containers Corporation

Address of Defendant to Be Served:  135 National Road, Edison, NJ 08817

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

THOMAS F. SACCHETTA, ESQUIRE
SACCHETTA & BALDINO
24 South Broad Street
Woodbury, NJ 08096
(856) 845-4400
Attorney for Plaintiff

| | |
|---|---|
| MIGUEL PICHIRILO<br>1234 W. Jubilee Street,<br>Emmaus, PA 18049<br><br><div align="right">*Plaintiff,*</div><br>v.<br><br>SILGAN CONTAINERS<br>135 National Road,<br>Edison, NJ 08817<br>and<br>SILGAN CONTAINERS, LLC<br>135 National Road,<br>Edison, NJ 08817<br>and<br>SILGAN CONTAINERS CORPORATION<br>135 National Road,<br>Edison, NJ 08817<br>and<br>SILGAN CONTAINERS<br>MANUFACTURING CORPORATION<br>135 National Road,<br>Edison, NJ 08817<br>and<br>XYZ CORPORATION 1-10<br>and<br>ABC PARTNERSHIP 1-10<br>and<br>JOHN DOE 1-10<br>and<br>JANE DOE 1-10<br><br><div align="right">*Defendants.*</div> | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY - LAW DIVISION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

AND NOW, comes the plaintiff, Miguel Pichirilo, by and through his attorney, Thomas F. Sacchetta, Esquire, and avers as follows:

## PARTIES

1.     Plaintiff, Miguel Pichirilo, is an adult individual residing at 1234 W. Jubilee Stret, Emmaus, PA 18049.

2.     Defendant, Silgan Containers, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware with an address of 135 National Road, Edison, NJ 08817.

3.     Defendant, Silgan Containers, LLC, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware with an address of 135 National Road, Edison, NJ 08817.

4.     Defendant, Silgan Containers Corporation, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware with an address of 135 National Road, Edison, NJ 08817.

5.     Defendant, Silgan Containers Manufacturing Corporation, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware with an address of 135 National Road, Edison, NJ 08817.

6.     Defendant, XYZ Corporation #1-10 (fictitious name) is an entity that, through it's employees, agents, workmen, and/or servants was in the care, custody and control of the premises at issue as identified in further detail below and was responsible to maintenance and

2

inspection of the premises, at all relevant times, whose identity is currently unknown after reasonable investigation.

7.    Defendant, ABC Partnership #1-10 (fictitious name) is an entity that, through it's employees, agents, workmen, and/or servants was in the care, custody and control of the premises at issue as identified in further detail below and was responsible to maintenance and inspection of the premises, at all relevant times, whose identity is currently unknown after reasonable investigation.

8.    Defendant, John Doe #1-10 (fictitious name) is an individual who was in the care, custody and control of the premises at issue as identified in further detail below and was responsible to maintenance and inspection of the premises at all relevant times, whose identity is currently unknown after reasonable investigation.

9.    Defendant, Jane Doe #1-10 (fictitious name) is an individual who was in the care, custody and control of the premises at issue as identified in further detail below and was responsible to maintenance and inspection of the premises at all relevant times, whose identity is currently unknown after reasonable investigation.

10.    Venue is proper in Middlesex County pursuant to New Jersey Rule of Civil Procedure 4:3-2.

## OPERATIVE FACTS

11.    At all times relevant hereto, defendants, Silgan Containers, Silgan Containers, LLC, Silgan Containers Corporation, Silgan Containers Manufacturing Corporation, XYZ Corporation 1-10, ABC Partnership 1-10, John Doe 1-10, and/or Jane Doe 1-10, were in the exclusive possession, management and control of the premises involved in this incident.

3

12.    At all times relevant hereto, defendants, Silgan Containers, Silgan Containers, LLC, Silgan Containers Corporation, Silgan Containers Manufacturing Corporation, XYZ Corporation 1-10, ABC Partnership 1-10, John Doe 1-10, and/or Jane Doe 1-10 , were responsible for repairs, management, maintenance, cleaning and/or housekeeping of the premises.

13.    At all time relevant hereto, plaintiff was lawfully on the aforesaid premises of Silgan Containers at 135 National Road, Edison, NJ 08817.

14.    On or about December 4, 2023, plaintiff was lawfully on said premises when he tripped and was injured as a result of a defective condition, i.e., defective and/or improperly maintained flooring/premises/exterior ramp which was left in a dangerous and defective condition constituting a tripping hazard caused by and/or allowed to remain in dangerous and defective condition because of defendants.

15.    As a result of the negligence of the defendants, plaintiff sustained injuries as set forth below.

## COUNT I
### Plaintiff, Miguel Pichirilo v. All Defendants

16.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

17.    The incident and resulting injuries to plaintiff were caused exclusively and solely by the defendants' negligence, acting by and through their agents, servants, workmen and employees.

18.    The accident was caused exclusively and solely by the defendants' negligence, in

4

that:

(a)    Defendants caused or permitted dangerous conditions to exist;

(b)    Defendants failed to make a reasonable inspection of the premises which would have revealed the dangerous condition created by the defendants;

(c)    Defendants failed to give warning of the dangerous condition and failed to erect barricades or to take any other precautions to prevent injury to the plaintiff;

(d)    Defendants failed to remove the defective condition;

(e)    Defendants failed to exercise reasonable prudence and due care to keep the premises in a safe condition for the plaintiff; and

(f)    Defendants was otherwise negligent under the circumstances.

19.    Defendants through their employees, servants and agents, either had actual notice of the unsafe and dangerous condition of the premises and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition of the premises.

20.    Solely as a result of the negligence of defendants, plaintiff was caused to suffer various physical injuries, including, but not limited to, injuries to his lower extremities, right knee, upper extremities, left arm, left elbow, right arm, right wrist, right hand requiring surgical intervention with scarring and disfigurement.

21.    As a direct result of the aforesaid injury, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

5

22.     Plaintiff has been compelled to expend and will be required to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

23.     As a result of his injuries, plaintiff has and may in the future continue to incur unreimbursed wage loss and medical expenses.

24.     As a result of his injuries, plaintiff may have suffered a permanent disability and a permanent impairment of his earning power and capacity.

25.     As a direct result of the injury, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

26.     As a result of his injuries, plaintiff has in the past suffered and may in the future suffer permanent diminution in his ability to enjoy life and life's pleasures..

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, for damages, interest, costs and all other awards permitted under the law.

SACCHETTA & BALDINO

By:     /s/ Thomas F. Sacchetta
THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff
24 South Broad Street
Woodbury, NJ 08096
(856) 845-4400

6

## JURY DEMAND

Plaintiff demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-5, Thomas F. Sacchetta, Esquire, is hereby designated as trial attorney in this matter.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R.4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

If so, attach a copy of each policy or state under oath or certification: (a) policy number(s); (b) name and address of insurer or issuer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; (g) medical payment limits.

7

## CERTIFICATION PURSUANT TO RULE 4:5-1

It is hereby certified that this matter is not the subject of any other action pending in any court or of any pending arbitration proceeding and no such other action or arbitration is presently contemplated. The plaintiff is unaware of any other party who should be joined in this action. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

SACCHETTA & BALDINO

By:    /s/ Thomas F. Sacchetta
THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff
24 South Broad Street
Woodbury, NJ 08096
(856) 845-4400

8

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-007962-25**

Case Caption: PICHIRILO MIGUEL VS SILGAN CONTAINERS
Case Initiation Date: 11/07/2025
Attorney Name: THOMAS F SACCHETTA
Firm Name: SACCHETTA & BALDINO
Address: 24 S. BROAD ST
WOODBURY NJ 08096
Phone: 8568454400
Name of Party: PLAINTIFF : Pichirilo, Miguel
Name of Defendant's Primary Insurance Company
(if known): None

Case Type: PERSONAL INJURY
Document Type: Complaint with Jury Demand
Jury Demand: YES - 12 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO
Does this case involve claims related to COVID-19? NO

Are sexual abuse claims alleged by: Miguel Pichirilo? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO
If yes, is that relationship:
Does the statute governing this case provide for payment of fees by the losing party? NO
Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO  Medical Debt Claim? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

11/07/2025
Dated

/s/ THOMAS F SACCHETTA
Signed